**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Mario Suarez-Maya,<br><br>　　　　Petitioner,<br><br>v.<br><br>Pamela Bondi, et al.,<br><br>　　　　Respondents. | No. CV-25-04756-PHX-MTL (CDB)<br><br>**ORDER** |

Before the Court are Petitioner Mario-Suarez-Maya's Motion to Enforce Judgment (Doc. 18) and Second Emergency Motion to Enforce Judgment (Doc. 19). Both motions ask this Court to overturn an immigration judge's discretionary bond determination—something this Court lacks jurisdiction to do. The Motions will therefore be summarily denied, and response briefs are unnecessary for determination of the issues.

## I.

Petitioner filed this action in December 2025 challenging his detention by Immigration and Customs Enforcement. (Doc. 1.) This Court granted his Petition for Writ of Habeas Corpus, requiring Respondents to provide him with a bond redetermination hearing. (Doc. 14 at 2.)

Petitioner has since filed the present Motions. (Docs. 18, 19.) Petitioner acknowledges that Respondents held a bond hearing on January 15, 2026. (Doc. 18 at 1–2.) The Immigration Judge denied bond after determining that Petitioner posed a danger to the community. (*Id.*; *see also* Doc. 18-2) Petitioner now challenges that determination through

the present Motions.

## II.

Petitioner's original motion requests a court order immediately releasing him from detention pursuant to a previously posted immigration bond of $5,000, or, in the alternative, for a "constitutionally adequate immigration bond hearing." (Doc. 18 at 8.) In the second motion, Petitioner moves the Court, on an "emergency basis," for a new bond hearing because he "has already been detained for six months now," and "there have been no changed circumstances." (Doc. 19 at 5.)

But this Court lacks jurisdiction to review the discretionary decision of the Immigration Judge merely because Petitioner disagrees with the outcome. *See, e.g.*, *Prieto-Romero v. Clark*, 534 F.3d 1053, 1058 (9th Cir. 2008) ("The alien may appeal the IJ's bond decision to the BIA, but discretionary decisions granting or denying bond are not subject to judicial review." (citation omitted)); *see also Carlos v. Noem*, No. 2:25-cv-01900-RFB-EJY, 2025 WL 2896156, at *5 (D. Nev. Oct. 10, 2025) ("[F]ederal courts have no jurisdiction to review the IJ's discretionary weighing of the evidence and factual determination that a noncitizen is entitled, or not entitled, to release on bond."); *Carillo-Lozano v. Stolc*, 669 F. Supp. 2d 1074, 1079 (D. Ariz. 2009) ("The INA precludes this Court from reviewing the Immigration Court's discretionary decision to deny a petitioner's bond.").

This Court is not a council of revision for every discretionary decision made by immigration judges. The proper remedy is an administrative appeal to the BIA—not review by this Court. *See* 8 C.F.R. § 236.1(d)(3); *Aduord v. Lynch*, No. CV-15-01237-PHX-NVW-BSB, 2015 WL 7306678, at *3 (D. Ariz. Oct. 26, 2015).

Further, the Supreme Court has determined there is no statutory right to periodic bond hearings for aliens detained during the pendency of removal proceedings. *Jennings v. Rodriguez*, 583 U.S. 281, 297 (2018) ("Until [removal proceedings end] nothing in the statutory text imposes any limit on the length of detention. And neither § 1225(b)(1) nor § 1225(b)(2) says anything whatsoever about bond hearings."). And while *Jennings* did

not address whether such a right exists under the Constitution, the Supreme Court subsequently held that an alien unlawfully present in the United States "has only those rights regarding admission that Congress has provided by statute." *Dep't of Homeland Sec. v. Thuraissigiam*, 591 U.S. 103, 140 (2020); *see also Espinoza Lopez v. Noem*, CV-26-00345 (JHR), 2026 WL 266597, at *3 (S.D.N.Y. Feb. 2, 2026). Petitioner is therefore not entitled to an additional bond hearing under constitutional authority.

The judicial system is flooded with cases of this kind, and it would be a needless waste of government resources to require the government to respond to the present Motions. Because Petitioner received the bond hearing this Court ordered and now seeks review of the Immigration Judge's discretionary determination, the Motions must be summarily denied.

**IT IS THEREFORE ORDERED denying** Petitioner's Motion to Enforce Judgment (Doc. 18).

**IT IS FURTHER ORDERED denying** Petitioner's Second Emergency Motion to Enforce Judgment (Doc. 19). This case remains closed.

Dated this 19th day of March, 2026.

Michael T. Liburdi
United States District Judge

- 3 -